UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael O. Boyd,

        Petitioner,                  Case File No. 20-cv-1252 (ECT/LIB)

v.                              **REPORT AND RECOMMENDATION**

FCI Pollock,
*Warden*

        Respondent.

This matter came before the undersigned United States Magistrate Judge pursuant to a referral for report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Michael O. Boyd's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].

For the reasons set forth below, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED without prejudice**.

**I.    Background**

On December 21, 2017, Petitioner was sentenced to a 110-month term of incarceration to be followed by a three-year term of supervised release. USA v. Boyd, 16-cr-320 (JRT/BRT), Sentencing [Docket No. 70] (D. Minn. Dec. 21, 2017). Petitioner was subsequently incarcerated at United States Penitentiary McCreary in Pine Knot, Kentucky (hereinafter "USP McCreary"). (Clark Decl., [Docket No. 6], at ¶¶ 3, 8).

On December 12, 2019, while Petitioner was incarcerated at USP McCreary, Petitioner "was submitted for a lesser security transfer to any appropriate medium security facility as the unit team believed he could function in a less secure environment." (Id. at ¶ 8). On this

application for transfer, USP McCreary personnel correctly noted that Petitioner's "release address is Winona, Minnesota." (Id. at ¶ 8) (citing Exhibit D [Docket No. 6-4]). Based on this application, the Bureau of Prison's Designation and Sentence Computation Center selected the Federal Correction Center in Pollock, Louisiana (hereinafter "FCI Pollock") as the "appropriate institution" to which Petitioner should be transferred "after taking [into] account that [Petitioner] was classified as a 25-point high security level inmate with IN custody." (Id. at ¶ 8). Petitioner was not, however, immediately transferred.

Instead, on January 23, 2020, Petitioner was transferred to the Sherburne County Jail in Elk River Minnesota, via a United States Marshal's writ. (Exhibit C [Docket No. 6-3]). Petitioner remained in the Sherburne County Jail while post-sentencing proceedings took place in his underlying criminal action in this District. See, USA v. Boyd, 16-cr-320 (JRT/BRT), Evidentiary Hearing [Docket No. 117] (D. Minn. March 4, 2020).[1]

On May 26, 2020, Petitioner initiated the present action by filing his Petition, [Docket No. 1], in which he purports to challenge his "[p]lacement, or where [he is] being housed." (Pet. [Docket No. 1], at 2).[2] Specifically, Petitioner asserts that "[a]fter serving 23 months at USP McCreary and completing the Challenge Program" he "submitted a request to be transferred to a medium security facility closer to" his "kids and family but instead" he is "being shipped further away" to FCI Pollock. (Id. at 6). As relief, Petitioner seeks "to be placed in a FCI prison in Minnesota, Wisconsin, or as close to these two states as possible . . . ." (Id. at 7).

On June 22, 2020, the undersigned issued an Order, [Docket No. 4], which established a briefing schedule on the present Petition. In accordance with that Order, Respondent timely filed its response to the present Petition on July 22, 2020. (Resp.'s Mem. [Docket No. 5]). Although

---

[1] These post-sentencing proceedings did not include the claim Petitioner raises in the present action. See, Id.
[2] On May 26, 2020, Petitioner was then being incarcerated at the Sherburne County Jail. (See, Pet. [Docket No. 1]).

Petitioner was permitted an opportunity to file a reply memorandum, Petitioner has not filed a reply memorandum, and his time to do so has passed.

On July 28, 2020, Petitioner submitted a Notice of Change of Address, [Docket No. 8], indicating that he had been transferred to the Grady County Law Enforcement Center in Chickasha, Oklahoma. On September 10, 2020, Petitioner submitted another Notice of Change of Address, [Docket No. 9], indicating that he had been transferred to FCI Pollock.

## II. Petition for Writ of Habeas Corpus. [Docket No. 1].

As noted above, Petitioner, through the present Petition, challenges his "[p]lacement, or where [he is] being housed." (Pet., [Docket No. 1], at 2). Specifically, Petitioner asserts that although he "submitted a request to be transferred to a medium security facility closer to" his "kids and family," he is instead "being shipped further away" to FCI Pollock. (Id. at 6). As relief, Petitioner seeks "to be placed in a FCI prison in Minnesota, Wisconsin, or as close to these two states as possible . . . ." (Id. at 7).

A habeas petitioner under § 2241 can only challenge the fact or duration of confinement. See, e.g., Heck v. Humphrey, 512 U.S. 477, 481 (1994); Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996); Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014). The United States Supreme Court has "left open the question whether [inmates] might be able to challenge their confinement conditions via a petition for writ of habeas corpus." Ziglar v. Abbasi, 137 S.Ct. 1843, 1862–63 (2017). The Eighth Circuit Court of Appeals, however, has specifically concluded that habeas petitions are not the proper vehicle to remedy constitutional claims relating to the conditions of confinement. See, Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014) (citing Kruger v. Ericksen, 77 F.3d 1071 (8th Cir. 1996)).

3

In the Eighth Circuit, a habeas petitioner under § 2241 can only challenge the fact or duration of confinement. See, e.g., Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). Challenges to the conditions of confinement cannot be addressed in habeas proceedings. Mendez v. United States, No. 12-cv-28 (ADM/FLN), 2012 WL 1110138, at *2–3 (D. Minn. Jan. 24, 2012), report and recommendation adopted, 2012 WL 1110125 (D. Minn. Apr. 3, 2012). "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." Kruger, 77 F.3d at 1073. "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of" his "custody, the district court lacks the power or subject matter jurisdiction to issue a writ." Id. In short, challenges to the conditions of confinement, as opposed to the length or legality of detention, are not cognizable claims in habeas petitions in the Eighth Circuit. Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014).

In the present case, Petitioner has not expressly alleged that he is challenging the fact or duration of his confinement. Instead, Petitioner specifically challenges the place of his confinement. (See, Pet. [Docket No. 1]). As relief, Petitioner seeks an Order of this Court changing his place of incarceration to a location closer to his family. It is evident to the Court that Petitioner is seeking an Order that would merely modify the conditions of his confinement, e.g., the location of his confinement, and thereby improve Petitioner's circumstances during his detention. In fact, Petitioner specifically asserts that he is not challenging his conviction in this Court. (Pet., [Docket No. 1], at 3).

The current Petition does not present any challenge to the validity of Petitioner's conviction or the length of his detention; rather, Petitioner challenges a condition imposed upon

him during his detention—the place in which he is to be detained. (See, Pet. [Docket No. 1]). Such a challenge is directed at a condition of and not the initial conviction leading to nor the length of Petitioner's continued confinement. See, Smith v. Warden of Duluth Prison Camp, No. 18-cv-2555 (WMW/LIB), 2019 WL 3325837, at *3 (D. Minn. Apr. 23, 2019), report and recommendation adopted as modified, 2019 WL 3323063 (D. Minn. July 24, 2019). A Writ of Habeas Corpus is not the proper remedy for such a claim. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 489–90, 493 (1973); Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014); Smith, 2019 WL 3325837, at *3. Instead, such a claim must be raised in a separate civil proceeding. Spencer, 774 F.3d at 470; Ferch v. Jett, No. 14-cv-1961 (SRN/TNL), 2015 WL 251766, at *4 (D. Minn. Jan. 20, 2015); Smith, 2019 WL 3325837, at *3.

On this basis, the undersigned concludes that this Court lacks the requisite subject matter jurisdiction to adjudicate Petitioner's present Habeas Petition.

One additional issue warrants discussion in the present matter: whether Petitioner's present Petition should be dismissed or if Petitioner should be permitted an opportunity to convert his Petition to the proper procedural vehicle.

In Spencer, a pro se federal prisoner attempted to use a § 2255 petition as a mean to raise an Eighth Amendment challenge to his conditions of confinement. Spencer, 774 F.3d at 469–70. The district court considering the petition dismissed it without prejudice reasoning that it was an improper means to raise a challenge to the conditions of confinement. See, Id. While the Eighth Circuit Court of Appeals agreed that a habeas petition was an improper vehicle to raise such a claim, the Eighth Circuit held that, in light of the liberal treatment afforded to pro se habeas petitions, the circumstances of that case, and the Eighth Circuit Court of Appeals finding that petitioner there had a "potentially viable" civil claim, the district court had erred in dismissing

5

the habeas petition without first permitting the petitioner there the opportunity to convert his habeas petition to the correct procedural vehicle. Id. at 469–71.

Unlike the circumstances in Spencer, the circumstances of the present action do not necessitate the Court providing Petitioner with the opportunity to convert his Petition to the appropriate procedural vehicle. No such conversion is necessary because, for the reasons discussed herein, Petitioner does not have a "viable claim."

Notable, Petitioner does not make any legal argument in support of his present claim. (See, Pet. [Docket No. 1]). Petitioner merely asserts that he would like to be closer to his family in Minnesota. (Id.).

Further, even if this Court were to permit Petitioner to convert his Petition to a civil action challenging the Bureau of Prisons' (hereinafter "BOP") decision regarding the place of his confinement, this Court would still lack jurisdiction over Petitioner's claim because Petitioner is not entitled to a review of the BOP's placement decision under the Administrative Procedure Act (hereinafter "APA"), 5 U.S.C. § 701 et seq. See, 18 U.S.C. § 3625.

The APA provides a cause of action for individuals experiencing a legal harm because of agency action and offers a means for holding agency actions unlawful when they are arbitrary, capricious, or an abuse of discretion. See, 5 U.S.C. § 706(2)(A). The APA also provides, however, that Courts may not review agency action when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

Specifically, regarding the location of an inmate's imprisonment, 18 U.S.C. § 3621(b) states:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or

without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence—
  (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
  (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Additionally, the BOP Program Statement 5100.08 gives the BOP discretion whether to transfer an inmate to a facility nearer his release residence.

It is well-settled that the BOP's determinations regarding prisoner placements are not subject to review under the APA. 18 U.S.C. § 3625 ("The provisions of [the APA] do not apply to the making of any determination, decision, or order under this subchapter [18 U.S.C. §§ 3621 et seq.]."). Although 18 U.S.C. § 3625 "does not preclude judicial review of BOP rulemaking . . . [it] may well preclude judicial review of BOP decisions applying the final rule and Program Statement to particular inmates." Gatewood v. Outlaw, 560 F.3d 843, 846 n.2 (8th Cir. 2009) (citing Lopez v. Davis, 531 U.S. 230, 240 (2001); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998)). Thus, to permit a prisoner "to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011); see, Davis v. English, No. 12-cv-1483 (JNE/LIB), 2013 WL 1149526, at *6 (D. Minn. Feb. 27, 2013). Rather, the BOP "has the discretion to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all." Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983); see, Posey v. Dewalt, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999).

Courts in this District have consistently found that 18 U.S.C. § 3625 precludes judicial review of BOP discretionary decisions regarding prisoner placement under § 3621. See, Smith, 2019 WL 3325837, at *3; Lipczynski v. Marques, No. 18-cv-1466 (JNE/BRT), 2018 WL 4956717, at *4 (D. Minn. Sept. 6, 2018), report and recommendation adopted, 2018 WL 4955236 (D. Minn. Oct. 12, 2018); Barakat v. Fisher, No. 13-cv-1296 (JNE/SER), 2013 WL 6058932 (D. Minn. Nov. 18, 2013); Davis, 2013 WL 1149526, *6 (D. Minn. Feb. 27, 2013); Rios v. Fisher, No. 10-cv-4020 (PJS/TNL), 2012 WL 2814338, at *3 (D. Minn. June 19, 2012). Accordingly, this Court also lacks the requisite subject matter jurisdiction to review the BOP's determination to transfer Petitioner to any particular facility to serve the remainder of his confinement.

Consequently, because 18 U.S.C. § 3625 bars judicial review of the BOP's discretionary decision to transfer Petitioner to FCI Pollock, Petitioner does not have "viable" civil claim even if not attempted to be asserted in a habeas petition. Thus, it would be futile to permit Petitioner an opportunity to convert his habeas Petition to a civil action here.[3]

## III. Conclusion

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Michael Boyd's Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**; and

---

[3] A prisoner may seek "judicial review . . . for any allegations that the BOP's action is contrary to established federal law, violates the Constitution, or exceeds statutory authority." Ambrose v. Jett, No. 13-cv-2343 (PJS/JSM), 2013 WL 6058989, at *7 (D. Minn. Nov. 15, 2015) (citing Tapia v. United States, 564 U.S. 319, 331 (2011)). In the present case, however, Petitioner fails to make any such argument. Even liberally construing his Petition in his favor, Petitioner fails to raise any argument that the BOP's decision regarding Petitioner's placement at FCI Pollock was contrary to established law, violated the Constitution, or exceed the BOP's statutory authority. Instead, Petitioner merely disagrees with the ultimate decision the BOP reached concerning the location of his incarceration for the remainder of his sentence.

2. The present action be **DISMISSED without prejudice** based on a lack of subject matter jurisdiction.

Dated: January 29, 2021                              s/Leo I. Brisbois
                                                     Hon. Leo I. Brisbois
                                                     United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).